CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 4 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| JAMES D. HABURN, *et al.*, | ) | Civil Action No. 7:04CV00336 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JOHN F. KILBY, *et al.*, | ) | |
| | ) | By: James C. Turk |
| Defendant. | ) | Senior United States District Judge |

The plaintiffs, James D. Haburn ("Haburn") and Stefanie A. Roden ("Roden") (collectively "plaintiffs") proceeding *pro se*, bring this suit, terming it "a civil rights complaint" against John F. Kilby ("Kilby") and The Bank of Fincastle ("the bank") (collectively "defendants"). The case is before the Court on the plaintiffs' Motion for Leave to Amend their Complaint, the defendants' Motion for Summary Judgment and Motion for Sanctions. After review of the pleadings the Court concludes that plaintiffs' Complaint must be dismissed for lack of standing.

I.

In their original Complaint, plaintiffs allege that they are owners of a business called The Coupon Book. Plaintiffs deposited "thousands of dollars" into their account at the bank. According to the plaintiffs, the defendants "fined and penalized" the plaintiffs "hundreds of dollars" during the period of time the account was open as a result of alleged insufficient funds when checks were presented to the bank. The plaintiffs complain that the bank did not give them notice of, nor allow them to dispute, such fines and penalties. Plaintiffs contend that the bank's

1

actions offended due process and violated other various federal laws.

Plaintiffs have filed a motion to amend their complaint. In their Amended Complaint, plaintiffs purport to add three defendants, namely John Reed ("Reed"), Debbie Shotwell ("Shotwell") and Checkrite. Plaintiffs allege that Reed presented four altered checks to the bank for payment. The bank, knowing that the checks had been altered, "processed" the checks and returned them to Reed "unpaid." The bank then took a $25.00 fee from "The Coupon Book account" for each check. Reed, in turn, contacted Checkrite, a collection agency run by Shotwell. Plaintiffs allege that Checkrite issued letters that implied that Reed and Checkrite were working jointly with the Missouri Prosecuting Attorney's Office to collect payment on these checks and if payment was not received within a specified period, criminal prosecution would commence within the Missouri jurisdiction.

The defendants filed a motion for summary judgment contending that plaintiffs do not have standing to bring this suit because they have no ownership interest in the disputed account. The defendants attach an affidavit from Ethel Ronk ("Ronk"), the Collection Coordinator for the Bank of Fincastle. In her affidavit, Ronk avers that neither James D. Haburn, nor Stefani A. Roden, has ever had an account at the Bank of Fincastle. Moreover, Ronk states that the only authorized individual on the "Botetourt County Coupon Book" account was Deirdre D. Marriner Roden.

Plaintiffs responded to the defendants motion for summary judgment by attempting to show that Haburn and Roden were partners in the Coupon Book enterprise and that they never intended the money deposited in the bank to belong solely to the third partner, Deirdre D, Marriner Roden. Plaintiffs aver that Deirdre "managed" the bank account and that Roden

deposited and withdrew money from the bank account on several occasions. Plaintiffs do not dispute, however, that Deirdre was the only person officially authorized to draw on the account.

## II.

Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ." Fed. R. Civ. P. 56(c). In deciding summary judgment "the evidence of the nonmoving party is to be believed and all justifiable inferences must be drawn in its favor." *American Legion Post 7 v. City of Durham,* 239 F.3d 601, 605 (4th Cir. 2001). A "mere scintilla" of proof, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986). The question is not whether there is literally no evidence, but whether there is any upon which a jury could properly find for the nonmoving party. *Id.*

All of plaintiffs' claims, including those made against the "additional defendants" in plaintiffs' Amended Complaint relate to the Botetourt County Coupon Book account at the bank. Plaintiffs have not supplied any evidence rebutting the affidavit attached to the defendants' motion for summary judgment which states that plaintiffs do not have any ownership interest in the bank account at issue. Indeed, the plaintiffs have repeatedly alleged that they had an interest in the money placed in the bank account, but do not dispute that they had no interest in the account. Thus, plaintiffs do not have standing to bring this claim. Accordingly, the defendants' motion for summary judgment must be granted. Additionally, amending the Complaint would be futile, as all of the claims in plaintiffs' Amended Complaint also relate to the bank account at issue.

III.

Rule 11 sanctions may be imposed on *pro se* litigants. FED. R. CIV. P. 11. The pleadings of *pro se* litigants, however, should not be held to the same stringent standards as are applied to those of attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). While the Complaint's lack of merit may be obvious to one trained in the law, it may not appear so clearly to a *pro se* litigant. The Court is of the opinion that the plaintiffs filed their Complaint in good faith, attempting to correct what they perceived as a wrong perpetrated on them, and not for any improper purpose. Additionally, the Court considers the brevity of the defendants' motion for summary judgment, as well as its accompanying affidavit, and that it came at a very early stage in the litigation. Accordingly, the Court, in its discretion, declines to sanction the plaintiffs. An appropriate Order shall this day issue.

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTER: This 14th day of April, 2005.

/s/ James C. Turk
Senior United States District Judge