IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
| | |
|---|---|
| JAMES D. HABURN, et al.,<br>    Plaintiffs,<br><br>v.<br><br>JOHN F. KILBY, et al.,<br>    Defendants | Civil Action No. 7:04cv00336<br><br>**MEMORANDUM OPINION AND ORDER**<br><br>By: James C. Turk<br>Senior United States District Judge |

This case is before the court on Plaintiffs' Motion for Reconsideration or, in the Alternative, Request to Make Interlocutory Appeal. Plaintiffs request that the court reconsider the portion of its order, entered February 29, 2008, denying Plaintiffs' Motion for Summary Judgment on their Fair Debt Collection Practices Act claim. In the alternative, Plaintiffs request the court grant them permission to make an interlocutory appeal to the United States Court of Appeals for the Fourth Circuit. For the following reasons, the court denies both the Plaintiffs' motion for reconsideration and their request for permission to appeal.

A denial of summary judgment is an interlocutory—not final—order and the power to reconsider interlocutory orders is committed to the discretion of the district court. Hensley v. Horne, 297 F.3d 344, 347 (4th Cir. 2002); American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). The court's discretion to reconsider an earlier ruling is guided, but not limited, by law of the case doctrine. American Canoe Ass'n, 326 F.3d at 514-15 (citing Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988) (noting that earlier decisions of a court become law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary

decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice")).

In their motion, Plaintiffs appear to argue that the court should reconsider its order denying Plaintiffs' Motion for Summary Judgment because the court's decision was outside the adversarial issues presented to the court. The court, however, denied Plaintiffs' Motion for Summary Judgment because it found that material factual issues exist in this case and that Plaintiffs are not entitled to judgment as a matter of law, pursuant to Fed. R. Civ. P. 56(c). This conclusion was squarely within the adversarial issues presented to the court.

Plaintiffs contend that when well-reasoned and severed from their other claims, no genuine issue as to any material fact exists as to the Plaintiffs' Fair Debt Collection Practices Act claim. Although they have submitted new evidence with their instant motion, including evidence of their business license, "evidence showing that in part the Bank of Fincastle account was used for household and personal use," "insufficient funds charges deducted from the Bank of Fincastle account for three dishonored checks," and the Roanoke County General District Court Warrant in Debt and Judgment against James D. Haburn, the court maintains its finding that genuine issues of material fact remain in this case and that the Plaintiffs are not entitled to judgment as a matter of law.

Finally, Plaintiffs ask this court to grant them permission to make an interlocutory appeal to the Court of Appeals for the Fourth Circuit. The Court of Appeals, however, may only exercise jurisdiction over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000); Fed.R.Civ.P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The court's order denying Plaintiffs' Motion for Summary

2

Judgment is neither a final order nor an appealable interlocutory or collateral order. See O'Connor v. United States, 956 F.2d 48, 52 (4th Cir. 1992) (noting that "[a]n order denying a motion for summary judgment is generally an unappealable interlocutory order"). Accordingly, the court denies Plaintiffs' permission to appeal the court's order to the Court of Appeals.

Thus, in accordance with the foregoing reasons, it is hereby

## ORDERED

that Plaintiffs' Motion for Reconsideration or, in the Alternative, Request to Make Interlocutory Appeal is **DENIED**.

The clerk is directed to send copies of this Memorandum Opinion and Order to the plaintiffs and counsel of record for the defendant.

**ENTER**: This 18th day of March, 2008

/s/ James C. Turk
Honorable James C. Turk
Senior United States District Judge