CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 0 2 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES D. HABURN, et al., | ) | Civil Action No. 7:04cv00336 |
|     Plaintiffs, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | **AND ORDER** |
| | ) | |
| JOHN F. KILBY, et al., | ) | By: James C. Turk |
|     Defendants | ) | Senior United States District Judge |

This case is before the court on the plaintiffs' Motion for a More Definite Statement, or Alternatively, Motion to Strike. In their motion, the plaintiffs seek a more definite statement of the defendants' answer. Alternatively, the plaintiffs move the court to strike both the Affirmative Defenses and Motion to Dismiss sections of the defendants' answer. For the following reasons, the court denies the plaintiffs' motion.

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such a motion "must point out the defects complained of and the details desired." Id. In this case, Plaintiffs aver generally that Defendants' pleading is vague, ambiguous, and insufficient to allow Plaintiffs to formulate a response. Plaintiffs have not, however, specified which portions of Defendants' answer are defective, nor do they articulate which additional details they desire. Accordingly, they are not entitled to a more definite statement of the defendants' answer.

Plaintiffs next move the court to strike both the Affirmative Defenses and Motion to Dismiss sections of Defendants' answer. They assert that these sections are vague, ambiguous, and constructed to cause unnecessarily delay. Pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure, the court "may strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). A motion to strike a portion of a pleading is generally viewed with disfavor, as "it is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. V. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990)). A motion to strike matter from an answer will not be granted unless the moving party demonstrates that the challenged material is "so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense" such that "its presence in the pleading throughout the proceeding will be prejudicial to the moving party." McIntyre-Handy v. APAC Customer Servs., No. 4:05cv124, 2006 WL 1771048, at * 5 (E.D. Va. June 23, 2006) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d. ed.2004)). The plaintiffs fail to show how the defendants' affirmative defense and motion to dismiss sections are either unrelated to the plaintiffs' claims or are prejudicial to the plaintiffs. Accordingly, the court denies the plaintiffs' motion to strike.

Thus, in accordance with the foregoing reasons, it is hereby

### ORDERED

that Plaintiffs' Motion for a More Definite Statement, or Alternatively, Motion to Strike is **DENIED**.

The clerk is directed to send copies of this Memorandum Opinion and Order to the plaintiffs and counsel of record for the defendant.

ENTER: This 2nd day of May, 2008

*/s/ James C. Turk*
Honorable James C. Turk
~~Senior~~ United States District Judge